



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ESTRADA,<br><br>           Plaintiff,<br><br>vs.<br><br>SPENO & COHEN, ATTORNEYS AT LAW,<br>SARAH SPENO, DAVID J. COHEN,<br>individually,<br><br>           Defendants. | CASE NO. CV 98-4615 DT (JGx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).** |

I.  **Background**

    A.  **Factual Summary**

This action is brought by Plaintiff Douglas Estrada ("Plaintiff") against Speno & Cohen, Attorneys at Law, and Sarah Speno ("Speno") and David J. Cohen ("Cohen")(collectively, "Defendants") for negligence, negligent misrepresentation, conversion, fraud and breach of fiduciary duty.

1  The following facts are alleged in the First Amended
2  Complaint ("FAC"):
3  On or prior to September 18, 1997, Plaintiff was the
4  President and sole shareholder of Allstate Mortgage Co.
5  ("Allstate") (FAC, ¶ 5.) On or about September 18, 1997,
6  Plaintiff engaged Defendants in connection with Norwest Mortgage
7  v. Allstate Mortgage, et al., a civil action filed in Los Angeles
8  County Superior Court. (Id. at ¶ 6.) Defendants were to
9  represent Plaintiff and Allstate in any and all matters arising
10 out of the operation of Allstate, including any criminal actions
11 which might be brought against Plaintiff. (Id.) Concurrently
12 with the execution of the retainer agreement, Plaintiff paid
13 $25,000 as a retainer. (Id. at ¶ 7.) Thereafter, on or about
14 September 25, 1997, Plaintiff paid Defendant an additional
15 $300,000. (Id.)
16 Shortly after Plaintiff retained Defendants, Defendants
17 then retained Patrick J. Thistle, Attorney at Law, an attorney
18 believed to be admitted to the California Bar, as local counsel
19 in connection with the defense of the civil action. (Id. at ¶
20 8.) On or about September 19, 1997, Norwest Mortgage obtained a
21 temporary restraining order, and thereafter an injunction against
22 Plaintiff and Allstate preventing each of them from conveying any
23 assets, specifically forbidding wire transfers of funds or any
24 other transfer of funds on deposit on any bank accounts. (Id. at
25 ¶ 9.) Commencing on or about September 20, 1997, Defendants,
26 contrary to the Superior Court's order, counseled and advised
27
28

Plaintiff to move any money he had in U.S. Bank accounts to off-shore accounts to avoid detection and seizure by Norwest Mortgage or any criminal prosecutorial agency. (Id. at ¶ 10.) Pursuant to Defendants' counsel and advice and with Defendants' participation, Plaintiff made wire transfers to the Bank of New Zealand in Singapore between September 29, 1997 and October 1, 1997, totaling $7,000,000. (Id. at ¶ 11.) On or about October 3, 1997, the Federal Bureau of Investigation, the Internal Revenue Service and Housing and Urban Development Office of the Inspector General obtained search warrants for the business premises of Allstate, the home of Plaintiff and numerous other locations. (Id. at ¶ 12.)

On or about October 20, 1997, Plaintiff, along with Defendants, met with Assistant U.S. Attorneys Jonathan Shapiro and Julien Adams at the U.S. Attorney's offices in Los Angeles. (Id. at ¶ 13.) At the meeting, Defendants were informed that Plaintiff would be indicted. (Id.) Immediately thereafter, Speno advised Plaintiff to abscond from the jurisdiction and go into hiding. (Id.) To this end and pursuant to Speno's instructions, Plaintiff left for Rosarito, Mexico and remained there for one month. (Id.)

On or about November 29, 1997, a criminal complaint and bench warrant were signed and issued by U.S. Magistrate Judge Stephen Hillman. (Id. at ¶ 14.) Plaintiff believes that Defendants were aware of the existence of the warrant. (Id.) On or about December 8, 1997, Speno arranged to have Plaintiff

3

travel to New York by train, under an assumed name, to meet with her. (Id. at ¶ 15.) During said meeting, Speno specifically instructed Plaintiff not to surrender and advised him that he would in fact have to live out of the country for one to two years in order to avoid being arrested. (Id.)

On or about December 11, 1997, a grand jury handed down an indictment against Plaintiff, as well as against Albert Rivas and Louis Valladares. (Id. at ¶ 16.) Defendants were promptly notified of this indictment. (Id.) On or about December 12, 1997, Speno instructed Plaintiff to obtain a residence outside of the County of Los Angeles in an effort to hide and prevent Plaintiff from facing criminal charges. (Id. at ¶ 17.) Defendants arranged to have a third person rent a house in Riverside County, where Plaintiff remained until December 29, 1997. (Id.)

On or about December 17, 1997, Plaintiff dismissed Defendants as his counsel and shortly thereafter replaced Defendants as counsel of record for Allstate. (Id. at ¶ 18.) A demand for an accounting was made on March 4, 1998. (Id. at ¶ 19.) Defendants provided such an accounting claiming they expended 871.8 hours on the case and disbursed $25,187 in costs. (Id.) Defendants had, to that date, received $325,000 from Plaintiff. (Id.) Concurrently with the representation of Plaintiff, Defendants undertook the representation of potential criminal co-defendants, Albert Rivas and Louis Valladares. (Id. at ¶ 20.)

4

B. **Procedural Summary**

On June 5, 1998, Plaintiff filed a Complaint for Damages. On June 26, 1998, Defendants filed an Answer.

On August 7, 1998, a Notice of Association of Counsel, was filed by the law firm of Spolin & Silverman, as attorneys for Defendants. On August 10, 1998, the Mandatory Status Conference was held. The discovery cut-off date is set for April 30, 1999; the pre-trial conference is set for June 7, 1999; and the trial is set for July 13, 1999. On October 28, 1998, pursuant to a Stipulation signed by Defendants and Spolin & Silverman, this Court ordered the withdrawal of association by Spolin & Silverman. Defendants were further ordered to designate local counsel within 30 days or their Answer would be struck and a default entered. Defendants then filed a Notice of Appearance by Defendants Sarah R. Speno and David B. Cohen as Defendants *Pro Se*.

On November 5, 1998, Defendants filed the following motions: (1) Motion to Dismiss Complaint; (2) Motion for Summary Judgment; (3) Motion to Disqualify Plaintiff's Counsel; (4) Motion for a Protective Order; and (5) Motion for Sanctions.

On December 10, 1998, this Court entered an Order: (1) Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaint; (2) Denying Defendants' Motion for Summary Judgment; (3) Denying Defendants' Motion to Disqualify Plaintiff's Counsel; (4) Denying Defendants' Motion for a

5

Protective Order as Moot; and (5) Denying Defendants' Motion for Sanctions.

On December 17, 1998, Plaintiff filed his First Amended Complaint for Damages. On January 21, 1999, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. On February 23, 1999, this Court entered an Order Denying Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. On March 15, 1999, Defendants filed an Answer to Amended Complaint.

On May 3, 1999, Defendants filed a Motion for Summary Judgment, which is currently before this Court.

On May 19, 1998, the law firm of Patrick J. Thistle filed a Notice of Association of Counsel, as attorneys for Defendants.

## II. Discussion

### A. Facts With Respect to This Motion

The following facts are undisputed:

Defendants were retained to represent Plaintiff, his wife, and his company, Allstate, pursuant to a retainer agreement dated September 25, 1997. Defendants claim that they performed legal services in three separate actions pursuant to the retainer agreement: (1) a civil action in Los Angeles Superior Court, (2) a criminal action in the United States District Court, Central District of California, and (3) a civil action in Cook County (Illinois) Superior Court. They further claim that the aggregate number of hours devoted by Defendants to these matters, multiplied by Defendants' hourly rate in the retainer agreement,

plus the sums disbursed by Defendants, exceeds the amount of the initial retainer paid by Plaintiff. Cohen was admitted pro hac vice in the California Civil Action, and Defendants retained attorney Patrick Thistle as their local counsel.

B. **Standard**

Under the Federal Rules of Civil Procedure, summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. Id.; see Fed. R. Civ. P. 56(e).

A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Anderson, 477 U.S. at 250-51, 106 S. Ct. at 2511. The non-movant's burden to demonstrate a genuine issue of material fact

increases when the factual context renders her claim implausible. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). Thus, mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. *Harper v. Wallingford*, 877 F.2d 728 (9th Cir. 1989); *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988).

    C.  **Analysis**

        1.  **Plaintiff's opposition was timely**

At the outset, this Court addresses Defendants' arguments that Plaintiff's opposing papers to the instant motion were served late. Plaintiff's proofs of service indicates that on May 10, 1999, the opposing papers were served on both Defendants, Speno and Cohen, by both mail and facsimile. Thus, Plaintiff's proofs of service indicates that service was timely under the Local Rules.

Defendants, through a declaration by Mr. Cohen, state that the postmark date on the envelope enclosing the opposition papers is "May 11, 1999." Apparently, then, while Plaintiff may have deposited the documents in the mail on May 10, they did not get postmarked until May 11. Defendants, however, make no mention of their receipt, or non-receipt, of the facsimile copies. Indeed, the facsimile number on the proof of service matches the facsimile number on Defendants' documents most

recently filed with this Court. As such, this Court finds that service of Plaintiff's opposition papers was timely.

In any event, this Court understands the problem with mail service on Defendants since they are out-of-state. While Plaintiff's proofs of service indicate that the documents were transmitted at the number last given by Defendants on a document which has been filed and served, there may be a problem with Defendants' facsimile number. In order to eliminate any future problems, this Court **orders** that service of documents on Defendants must additionally take place on Defendants' local counsel, Mr. Patrick J. Thistle.

### 2. Summary judgment is not warranted

Defendants seek summary judgment as to Plaintiff's third claim for conversion.[1] In the third claim, Plaintiff alleges that on September 18, 1997, he paid Defendants a $25,000 retainer and $300,000 thereafter. (FAC, ¶ 29.) He alleges that on or about December 17, 1997, he dismissed Defendants as his counsel. (Id. at ¶ 30.) He states that upon his demand, Defendants provided an accounting wherein Defendants claim to have expended the overstated amount of 871.8 hours on the case and $25,187 in costs and disbursements. (Id. at ¶ 31.)

---

[1] Cohen, in his declaration, claims that this current Motion is "for an order pursuant to Rule 56 FRCP granting said Defendants summary judgment relative to the Plaintiff's amended complaint, and therefore a final judgment in favor of Defendants and against the Plaintiff." Defendants' Memorandum of Points and Authorities only addresses the third claim. As such, summary judgment as to the "amended complaint" in its entirety is not at issue and is therefore not warranted.

9

The majority of Defendants' arguments consist of a litany of cases which discuss the summary judgment standard. They then argue that they need only demonstrate the absence of substantial evidence concerning a single essential element of plaintiff's claim. They state that Plaintiff "has failed to elucidate, in any respect, how we have allegedly 'overbilled' for our services."

Plaintiff contends that Defendants have failed to meet their initial burden on their Motion for Summary Judgment. He states that according to Cohen's own declaration, Defendants expended 871.8 hours, yet the entries listed in the referenced exhibit only total 402.7 hours. He concludes that this is a triable issue of fact regarding Defendants' right to retain over 50% of the fees they allege they are entitled to retain. He also points to the fact that the supporting papers disclose that Defendants are precluded from recovering for 111.6 of the 402.7 hours they did allegedly expend since they were not admitted pro hac vice in the California court until October 22, 1997, and by then, Defendants had expended 111.6 hours. Plaintiff finally asserts that Defendants have failed to establish their disbursements allegedly paid to other law firms on behalf of Plaintiff.

This Court finds that Plaintiff's arguments have merit and concludes that Defendants' conclusory argument is insufficient to sustain their burden to show the absence of a genuine issue of fact for trial. The elements of a conversion

cause of action in California are (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's rights; and (3) damages. <u>American Bankers Mortg. v. Federal Home Loan Mortg.</u>, 75 F. 3d 1401, 1411 (<u>citing</u> <u>Baldwin v. Marina City Properties, Inc.</u> (1978) 79 Cal. App. 3d 393.) Defendants have failed to show that no genuine issue of material fact exists with respect to Plaintiff's ownership or right to possession of the property at the time of the conversion, and they have failed to show that no genuine issue of material fact exists with respect to their conversion by a wrongful act or disposition of Plaintiff's rights. Thus, this Court cannot say that Defendants are entitled to a judgment as a matter of law with respect to Plaintiff's conversion claim.[2]

This Court notes that this is Defendants' second attempt to seek summary judgment as to Plaintiff's third claim for conversion. In this Court's previous Order denying Defendants' motion for summary judgment as to Plaintiff's third claim for conversion, this Court limited its holding to Defendants' showing as set forth in that previous order. This Court stated that it did not make any finding with respect to the

---

[2] This Court notes that Plaintiff argues that the value of Defendants' services amounted to zero and that accordingly, they are entitled to zero. Plaintiff has failed to clarify how these arguments supports his conversion claim. In any event, in light of this Court's findings herein, this Court does not need to reach these arguments at this time.

11

continued viability of Plaintiff's conversion claim. This Court once again repeats these caveats.

Accordingly, this Court **denies** Defendants' Motion for Summary Judgment.

### D. Mr. Thistle's Association of Counsel

Defendants' association of Mr. Thistle just prior to the hearing on this motion prompts this Court to note two things: (1) Defendants have established a pattern of associating counsel just prior to a hearing and (2) a potential conflict may exist with the association of Mr. Thistle.[3] This Court addresses these concerns at this time in light of the upcoming pre-trial conference and trial dates.

On August 7, 1998, just prior to the August 10, 1998 Mandatory Status Conference, the law firm of Spolin & Silverman filed a Notice of Association of Counsel as attorneys for Defendants. On October 28, 1998, Defendants filed a Stipulation Re Withdrawal of Association of Counsel wherein Spolin & Silverman withdrew its association as attorneys for Defendants. In this Court's Order pursuant to said Stipulation, this Court ordered Defendants to designate local counsel within 30 days of this Order or their Answers would be struck and default entered. On November 12, 1998, Defendants filed a Notice of Appearance by Defendants Sarah R. Speno and David B. Cohen Pro Se. On December 7, 1998, Mr. Lawrence Young attempted to make a "special

---

[3] For these same reasons, this Court has ordered both Defendants to personally appear at this hearing.

12

appearance" on behalf of Defendants at the hearing on Defendants' five motions set for that date. However, this Court informed Mr. Young that the Federal Courts do not recognize special appearances, and since Mr. Young had not filed an Association of Counsel, Mr. Young was not allowed to appear on behalf of Defendants. At the February 22, 1999 hearing on Defendants' Motion to Dismiss First Amended Complaint, neither Defendants nor anyone on their behalf appeared. In this Court's Order Denying Defendants' Motion to Dismiss, this Court provided: "[I]f Defendants fail to personally attend future regularly scheduled court proceedings, their responsive pleadings will be struck and a default will be entered against them pursuant to Local Rule 27(c)." On May 19, 1999, just 5 days prior to this present hearing, Mr. Thistle filed a Notice of Association of Counsel. Thus, in light of the foregoing, this Court cautions Defendants against this continued pattern of associating counsel just prior to a hearing.

     Mr. Thistle's association as counsel for Defendants also raises the serious issue of a potential conflict of interest. It is undisputed that Mr. Thistle represented Plaintiff in connection with Plaintiff's defense in the California Civil Action. As such, Mr. Thistle's representation of Defendants in an action brought by Plaintiff may potentially be in violation of the Local Rules (Attorney Disciplinary Rules of the Court) and the California Rules of Professional Conduct. Thus, disqualification of Mr. Thistle may be warranted. It is

worth repeating that the matters raised herein by this Court have serious implications.  This case is scheduled for trial in less than 2 months.  No further tactics raising questions of impropriety will be tolerated.

**IT IS SO ORDERED.**

DATED: MAY 24 1999

___DICKRAN TEVRIZIAN___
Dickran Tevrizian, Judge
United States District Court

14